# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| H-E-B, LP, <br><br> Plaintiff, <br><br> v. <br><br> WADLEY HOLDINGS, LLC; SOUTHERN SALES & MARKETING GROUP, INC.; HOME DEPOT U.S.A., INC.; and HOME DEPOT PRODUCT AUTHORITY, LLC, <br><br> Defendants. | Case No. 6:20-CV-00081-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

## HOME DEPOT'S REPLY IN SUPPORT OF OPPOSED *DAUBERT* MOTION TO EXCLUDE THE INFRINGEMENT OPINIONS AND TESTIMONY OF CHARLES GARRIS

John A. Yates
Texas State Bar No. 24056569
Aaron D. Perkins
Texas State Bar No. 24048967
Edgar N. Gonzalez
Texas State Bar No. 24092431
Patterson + Sheridan, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Telephone:  713-623-4844
Facsimile:   713-623-4846
jyates@pattersonsheridan.com
aperkins@pattersonsheridan.com
egonzalez@pattersonseridan.com

**PATTERSON + SHERIDAN, LLP**

Jerry R. Selinger
Texas State Bar No. 18008250
1700 Pacific Avenue, Suite 2650
Dallas, TX 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846
jselinger@pattersonsheridan.com

Abelino Reyna
Texas State Bar No. 24000087
900 Washington Ave., Suite 503
Waco, TX 76701
Telephone:  254-777-5248
Facsimile:   877-777-8071
areyna@pattersonsheridan.com

# **TABLE OF CONTENTS**

                                                          **Page**

I.     INTRODUCTION .................................................................................................. 1

II.    THE COURT SHOULD PRECLUDE OPINIONS SPECULATING ABOUT HOME DEPOT'S KNOWLEDGE OF THE PATENTS AND STATE OF MIND CONCERNING WILLFULNESS AND INDIRECT INFRINGEMENT ............................. 2

     A.    The Improper Speculation of What Home Depot "May Have Learned" .................... 2

     B.    Dr. Garris' Additional Improper Opinions on Specific Intent ...................................... 3

     C.    Improper Opinions on Post-Suit Specific Intent ............................................................. 4

     D.    Dr. Garris Improperly Determined the Credibility of Evidence ................................... 6

     E.    Dr. Garris Improperly Imposes a Duty of Care on Home Depot to Check its Suppliers for IP Compliance ............................................................................................. 6

III.   DR. GARRIS SHOULD NOT BE ALLOWED TO OFFER UNTIMELY OPINIONS OF INFRINGEMENT OF ANY ASSERTED INDEPENDENT CLAIM UNDER THE DOCTRINE OF EQUIVALENTS ..................................................... 7

IV.   DR. GARRIS' CONCLUSORY OPINIONS ON CERTAIN CLAIM ELEMENTS SHOULD BE STRUCK ............................................................................................... 9

V.    DR. GARRIS' OPINIONS OF INFRINGEMENT BY ANY EVERBILT PRODUCT EXCEPT FOR THE 26 QT. COOLER SHOULD BE STRUCK ......................................... 10

VI.   DR. GARRIS' TESTIMONY OUTSIDE HIS EXPERTISE SHOULD BE STRUCK ............................................................................................................................. 10

VII.  CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Gree, Inc. v. Supercell Oy*,
   2020 U.S. Dist. LEXIS 126913, 2020 WL 4059550, at *5 (E.D. Tex. July 20, 2020) ............ 5

*Johnson v. Arkema, Inc.*,
   685 F.3d 452, 459 (5th Cir. 2012) ....................................................................................... 5

*Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*,
   2018 U.S. Dist. LEXIS 14485 at *9 (E.D. Tex. Jan. 30, 2018) ................................................ 5

*Robroy Indus.—Tex., LLC v. Thomas & Betts Corp.*,
   2017 U.S. Dist. LEXIS 54230, at *29 (E.D. Tex. Apr. 10, 2017) ....................................... 5, 7

*Sancom, Inc. v. Qwest Commc'ns Corp.*,
   683 F. Supp. 2d 1043 (D.S.D. 2010) ..................................................................................... 8

*Sloan Valve Co. v. Zurn Indus., Inc.*,
   No. 10:-cv-00204, 2013 U.S. Dist. LEXIS 165968 at *83-84 (N.D. Ill. Nov. 20, 2013) ......... 4

*Spreadsheet Automation Corp. v. Microsoft Corp.*,
   587 F. Supp. 2d 794, 803 (E.D. Tex. 2007) ............................................................................ 4

*X-Tra Light Mfg v. Acuity Brands, Inc.*,
   2007 U.S. Dist. LEXIS 99281 at *4-5 (S.D. Tex. Feb. 13, 2007) ........................................... 6

I.      INTRODUCTION

H-E-B's opposition fails to directly respond about improper opinions Home Depot specifically identified in its opening brief. Much of H-E-B's brief seeks to re-write the opinions actually in the Garris Report or deflect attention elsewhere. The report, in large respects, parrots out-of-court statements/attorney argument. H-E-B now spins it as being merely a helpful translator of allegedly technical emails written between Southern Sales' U.S. president, Kenneth Harbaugh, and employees of its Chinese subsidiary. However, these explanations are not opinions expressed in the Garris Report, which instead offered a non-technical running narrative sprinkled liberally with selective non-technical quotations. *Id.*, ¶¶ 117,126, 128-130, 132, 134.

The lack of merit to H-E-B's new spin is evidenced by H-E-B and Southern Sales both identifying Mr. Harbaugh as a "will call" trial witness. Who better to explain what he understood when reading admissible emails than the actual recipient? What is really happening here is H-E-B seeks to use experts to get into evidence objectionable portions of emails constituting at least double or triple hearsay.[1] H-E-B's brief also is notable for seeking to shift blame for the Garris Report's failure to offer opinions: (1) that any independent claim is infringed under the doctrine of equivalents, and (2) that accused structures meet all of the specific claim language in each limitation of each independent claim. Any fault or blame belongs exclusively to H-E-B.

As explained in Home Depot's opening brief, and discussed below, Dr. Garris should be precluded from offering the opinions in paragraphs 17, 24-34, 102-110, 121-150, 146-170 and the opinions concerning "configured to maintain" in the charts of the Garris Report.

---

[1] While Rule 703 allows an expert to rely on hearsay when experts in the particular field would reasonably rely on such hearsay to form opinions, those circumstances do not exist here. Notably, the Garris Report does not opine that these circumstances allow this technical expert to express his opinions on what someone "may have learned" and based on documents Mr. Harbaugh cautioned were unreliable. Opening Brief, at 7 (quoting Exhibit D).

1

## II. THE COURT SHOULD PRECLUDE OPINIONS SPECULATING ABOUT HOME DEPOT'S KNOWLEDGE OF THE PATENTS AND STATE OF MIND CONCERNING WILLFULNESS AND INDIRECT INFRINGEMENT

### A. The Improper Speculation of What Home Depot "May Have Learned"

Home Depot identified improper conjecture and guesswork in the Garris Report leading to clearly speculative opinions. Opening Brief at 5-6, quoting Exhibit A ¶¶ 122, 150 ("it would be ***entirely reasonable to expect*** that the Home Depot Defendants ***may have learned*** of the existence of the Patents-in-Suit and the infringement thereof by …." ¶ 122 (emphasis added), ("may have learned" ¶ 150). This speculation alone fatally taints paragraphs 121-150 of the Garris Report.

H-E-B responds by pointing to cases discussing expert opinions about what a litigant actually did know or "should have known." Opposition Brief, at 6-7. Those cases provide no support for H-E-B. The Garris Report does not opine that Home Depot had actual knowledge of the Wooldridge patents prior to suit. Indeed, Dr. Garris conceded that H-E-B failed to give Home Depot notice of infringement prior to suit. Opening Brief, Exhibit C, Garris Tr. at 79:5-10. Dr. Garris conceded as well that he knew Home Depot denied under oath that it had any knowledge of the asserted patents prior to suit. *Id.*, 84:24-85:14.

Critically, moreover, the Garris Report did not opine that Home Depot "should have known," about the patents, but instead merely speculated "it would be entirely reasonable to expect that" Home Depot "may have learned" about H-E-B's patents and the alleged infringement.[2] The distinction between "should have known" and "entirely reasonable to expect … may have learned" is critical. None of H-E-B's cases allowed speculation about what a witness "may have learned." Those cases do not justify or authorize the speculative actual opinion in the Garris Report.

---

[2] The cases allowing opinions over "should have known" involve technical issues, not the overseas hearsay on which Dr. Garris premises his speculative "may have learned" opinions.

### B. Dr. Garris' Additional Improper Opinions on Specific Intent

Home Depot identified other improper opinions in the Garris Report about Home Depot's corporate state of mind in the context of willful infringement and indirect infringement. Opening Brief at 8-9, quoting Exhibit A ¶ 146. Dr. Garris could not have been more transparent with his summary opinion that "the Home Depot Defendants acted in such a way as to find liability for 'willful infringement,' as that terminology is used in the patent law." Opening Brief, Exhibit A at ¶ 124 (citation omitted). H-E-B attempts to re-write or deflect discussion away from the actual opinions. H-E-B claims that Dr. Garris' deposition "clarified" that he "does not opine on Home Depot's specific intent." Opposition Brief at 2.

However, Dr. Garris cannot use his deposition to rewrite his originally-proffered opinions, nor can he ignore the specific words of his opinions. Dr. Garris specifically opined that "the evidence showing manufacture of copies of the KODI Coolers ▮▮▮▮ demonstrates that both the nICE Coolers and Everbilt Coolers are **intentional** copies of the KODI Coolers." Opening Brief, Exhibit A, at ¶ 136 (emphasis added). H-E-B argues that "Dr. Garris confirmed that he was not implying any motive or intent by Home Depot," Opposition Brief at 2, but the actual words he used in his Report show that is inaccurate. Dr. Garris opined over the state of mind of a non-party manufacturer, and seeks to transfer that state of mind to Home Depot. *Id*. at ¶ 122 ("[I]t would be entirely reasonable to expect that the Home Depot Defendants may have learned of the existence of the Patents-in-Suit by its upstream partners …."); ¶ 150 ("[I]t would be reasonable to determine that the Defendants had knowledge of the patents and patent applications covering the KODI coolers as early as 2016, or at least that they were willfully blind to that fact.") These are clear, impermissible expert opinions on ***Home Depot's*** state of mind.

H-E-B's references to cases in which courts had allowed experts to testify on a defendant's willfulness are inapposite. Close scrutiny of those cases reveals the courts limited expert testimony

3

to purely technical aspects, and guarded against testimony interpreting a defendant's actual intent. Indeed, in several of H-E-B's cited cases, the courts precluded or limited expert testimony.[3]

### C. Improper Opinions on Post-Suit Specific Intent

H-E-B incorrectly asserts that Dr. Garris could not "comment on Home Depot's . . . good faith belief in its non-infringement positions" because Home Depot had not yet provided its expert rebuttal report. Opposition Brief at 3. But he did, in fact, opine on the absence of a reasonable basis on the part of Home Depot to believe it did not infringe. Opening Brief, Exhibit A, at ¶ 146. Whatever H-E-B's excuses, paragraphs in the Garris Report do concern post-suit specific intent and are also improper. Id., ¶¶ 146-150. And, for the record, H-E-B's excuses are meritless.

Dr. Garris had access to materials that show the baseless nature of his opinion about Home Depot's good faith belief, and, eviscerate this excuse for ignoring claim terms. These materials include the prosecution histories of the Wooldridge patents, in which H-E-B had amended claims of the '165 patent to add the "due to" language and then affirmatively relied on this language to argue patentability. Dkt. 122-13, Ex. L (citing prosecution history). These materials include Southern Sales' 2018 correspondence asserting non-infringement based on that limitation. Garris Report, ¶ 147. And these materials include Home Depot's interrogatory responses which asserted that the accused products lacked structure meeting specific claim limitations.[4]

---

[3] *See, e.g.*, *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10:-cv-00204, 2013 U.S. Dist. LEXIS 165968 at *83-84 (N.D. Ill. Nov. 20, 2013) (noting that an expert would not be permitted to testify on his opinion that a party was reckless.); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007) ("As to the law of willfulness, 'questions which would merely allow the witness to tell the jury what result to reach are not permitted.'" *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).").

[4] The Court had disagreed that the written description required a vacuum pump assembly be read into each claim, but certainly sophisticated counsel would be aware there were more nuanced bases for non-infringement.

H-E-B seems to forget that Home Depot complied with H-E-B's interrogatory by identifying each claim limitation and explaining why each limitation was not met by the accused products.[5] And H-E-B forgets it failed to timely comply with the Local Rules if it believed the interrogatory response was inadequate. Most importantly, Dr. Garris' ignoring of the materials before him does not excuse his offering opinions on Home Depot's specific intent.

Like Dr. Garris, H-E-B wants the jury to speculate that Home Depot might have done something wrong, improperly imputing to Home Depot knowledge of the asserted Wooldridge patents and that those patents allegedly are infringed. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (expert opinion must "be more than unsupported speculation or subjective belief."). Dr. Garris' opinion is therefore unreliable. The Court should strike his opinions and preclude his testimony about what Home Depot "may have learned," any underlying opinions leading to that ultimate speculation, and on Home Depot's specific intent. *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, 2018 U.S. Dist. LEXIS 14485 at *9 (E.D. Tex. Jan. 30, 2018); *Gree, Inc. v. Supercell Oy*, 2020 U.S. Dist. LEXIS 126913, 2020 WL 4059550, at *5 (E.D. Tex. July 20, 2020) (Noting that "it is improper for [an expert] to opine that 'Supercell actively and intentionally induced' infringement, and thereby opine as to the ultimate issue of intent reserved for the factfinder.").

Further, the 26-paragraph narrative in the Garris Report about indirect or willful infringement, based on Southern Sales emails, should come in, if at all through a fact witness without "the imprimatur of the expert's asserted 'expertise.'" *Robroy Indus.—Tex., LLC v. Thomas & Betts Corp.*, 2017 U.S. Dist. LEXIS 54230, at *29 (E.D. Tex. Apr. 10, 2017). Since both H-E-B and Southern Sales have identified Southern Sales' president, Mr. Harbaugh, as a "will call" trial witness, H-E-B's efforts to justify allowing Dr. Garris to spin Southern Sales' emails on whether

---

[5] H-E-B provided a very similar response in answering why prior art did not invalidate.

5

or not Home Depot had pre-suit knowledge of, or willfully infringed, the patents is both misguided and a non-sequitur. Explaining allegedly complex technology, such as manufacturing by roto-molding, does nothing to simplify the question of whether Home Depot allegedly knew of, or willfully infringed, the patents. *See, e.g.*, *X-Tra Light Mfg v. Acuity Brands, Inc.*, 2007 U.S. Dist. LEXIS 99281 at *4-5 (S.D. Tex. Feb. 13, 2007) (finding a jury's capability of understanding email evidence precludes the need for expert testimony on willfulness) (citations omitted). And the emails are self-explanatory on that issue, since the patents say nothing about how coolers are made. For these reasons also, the Court should strike paragraphs 121-150 of the Garris Report.

### D. Dr. Garris Improperly Determined the Credibility of Evidence

The opinions in the Garris Report improperly, but clearly, reflect his views of credibility. ██████████████████████████████████████████████████ Opening Brief at 6-7. H-E-B's responsive argument actually confirms the merit of Home Depot's objection. Opposition Brief at 13. In particular, H-E-B argues that ████████████████████████████████████ of the reliability of the information that Dr. Garris took to be true "did not impact his interpretation of the email." *Id.* at 13 (citing to Garris Dep., 125:17–128:4, 164:9–167:23). So H-E-B concedes Dr. Garris decided which part of the document was credible and which part was not. This example confirms Dr. Garris' opinions in paragraphs 121-150 necessarily reflect implicit credibility determinations, and therefore this entire narrative should be excluded.

### E. Dr. Garris Improperly Imposes a Duty of Care on Home Depot to Check its Suppliers for IP Compliance

Despite H-E-B's protestations, Opposition Brief, at 13, paragraph 149 of the Garris Report presents a statement that misleadingly serves no purpose except to suggest Home Depot has a duty

to check for IP compliance. Opening Brief, Exhibit A ███████████████████████████ ███████████████████████████████████████ Yet, the law is clear that Home Depot had no affirmative duty of due care. Opening Brief at 8 (citing *Seagate*). H-E-B offers no good-faith rationale for this irrelevant fact to appear in the Garris Report, and there is none. H-E-B wants Dr. Garris to pass along information that is not relevant, and serves no purpose except to mislead the jury into believing that by not affirmatively checking for intellectual property compliance when performing quality and safety audits, Home Depot did something bad. That is exactly the improper "mouthpiece" role that violates *Daubert*. Opening Brief at 4 (citing *Robroy* and *Orthoflex*). Dr. Garris should not be allowed to serve that role.

Consequently, the portions of the Garris Report relating to Home Depot's potential knowledge of the patent-in-suit, willful infringement, and indirect infringement is not proper expert testimony. Opening Brief, Exhibit A at ¶¶ 17, 121-150. The Court should exclude those portions of the Garris report and preclude testimony thereon from Dr. Garris.

### III. DR. GARRIS SHOULD NOT BE ALLOWED TO OFFER UNTIMELY OPINIONS OF INFRINGEMENT OF ANY ASSERTED INDEPENDENT CLAIM UNDER THE DOCTRINE OF EQUIVALENTS

The Garris Report admittedly did not include an opinion on infringement of any independent claim under the doctrine of equivalents. H-E-B did not seek to supplement the Garris Report after receiving Professor Akin's rebuttal expert report. H-E-B did not seek to supplement the Garris Report after Professor Garris and Professor Akin were deposed. Only now, after being faced with Home Depot's motion for summary judgment of non-infringement, does H-E-B belatedly and half-heartedly argue Dr. Garris should be allowed to "supplement his opinions, potentially implicating the doctrine of equivalents." Opposition Brief, at 14.

For two reasons, the Court should preclude Dr. Garris from offering any opinion on

infringement of any independent claim under the doctrine of equivalents. First, allowing Dr. Garris to change his opinions at this late date, after summary judgment and *Daubert* briefing, would be extremely prejudicial to Home Depot, with little more than a month before trial. Second, H-E-B and its expert want to pretend that claim language that was the quid pro quo for issuance of the patents does not exist. Yet, Home Depot had advised H-E-B in 2020 that Home Depot's accused products lacked structure required by claim limitations, including the limitation with the "due to" clause, and the Garris Report recognized, but then denigrated, non-infringement based on the claim language missing from structure of the accused coolers. Opening Brief, Exhibit A at ¶ 147.

What H-E-B mislabels as Home Depot's new non-infringement position is Professor Akin merely repeating what Home Depot had told H-E-B in 2020, and what Southern Sales told H-E-B in 2018, namely that the accused coolers lack structure required by the claim language. H-E-B admits that Dr. Garris "reviewed physical specimens of [two cooler] models," and "formed his opinions on infringement and representativeness based on product documentation describing *each* cooler model, including his review of a separate 3-dimensional CAD design file for *each* of the six accused coolers." *Id*. at 17 (emphasis in original). Hence, Dr. Garris was in a perfect position to decide whether to rely only on literal infringement or to include the additional analysis he well understands is required for infringement under the doctrine of equivalents.[6] He made a strategic decision to avoid the complexities of a DOE analysis of nuanced claim language. And he did so although he had been made aware of this very deficiency in his infringement evidence.

H-E-B's reliance on *Sancom, Inc. v. Qwest Commc'ns Corp*., 683 F. Supp. 2d 1043 (D.S.D. 2010) is misguided. There, the court allowed a sur-rebuttal report because the report "did not contain new opinions," and "was largely duplicative of [the expert's] previous submissions." *Id.*

---

[6] Dr. Garris did apply a DOE analysis to several dependent claims.

at 1065. The court held that such a duplicative report would not prejudice the other side, especially since the court had not yet set a trial date. *Id*. Allowing H-E-B to offer new opinions at this late stage in the case would severely prejudice Home Depot. Therefore, Dr. Garris should not be allowed to opine on infringement under the Doctrine of Equivalents of any independent claim.

## IV. DR. GARRIS' CONCLUSORY OPINIONS ON CERTAIN CLAIM ELEMENTS SHOULD BE STRUCK

Home Depot explained in its Opening Brief how Dr. Garris' claims charts merely constitute a collection of conclusory statements. H-E-B's arm-waving concerning Dr. Garris' statements is yet another attempt to divert attention away from the actual issue—namely that Dr. Garris failed to provide a nexus between the evidence on which he relied and his opinions for each and every element of the asserted claims. First, H-E-B misleadingly points to Dr. Garris' claim construction declaration. Opposition Brief at 15. However, the *Daubert* issue before the Court is not an academic dialog about the Ideal Gas Law, but concerns Dr. Garris' application of claim language on which H-E-B relied for patentability and now feigns ignorance (or worse). *See supra* at 4.

As Plaintiff's expert, Dr. Garris was obliged to present an infringement report that explains ***how*** the accused products satisfy each claim element. This he did not do. H-E-B now attempts to remedy this deficiency by arguing that Dr. Garris was unable to adequately opine on infringement until receiving Home Depot's rebuttal report on non-infringement. This does not explain his failure to provide an infringement analysis for the claim limitation H-E-B argued as a basis for patentability. The burden to demonstrate infringement rests with H-E-B, and so Dr. Garris was required to identify the evidence establishing that the accused products met every claim limitation.

Dr. Garris examined examples and CAD models of the Accused Products. Opposition Brief at 17. He could have, but declined to, conduct tests on the physical examples. Dkt. 124, Exhibit C at 76:5-9. Dr. Garris could have attempted to join the dots between the structures of the Accused

9

Products and the claim elements, but he failed to do so. Instead, he elected to gloss over claim language. H-E-B must live with this tactical decision. The Court should exclude the conclusory opinions in the claim charts concerning the "configured to maintain" language.

## V. DR. GARRIS' OPINIONS OF INFRINGEMENT BY ANY EVERBILT PRODUCT EXCEPT FOR THE 26 QT. COOLER SHOULD BE STRUCK

Home Depot showed that H-E-B failed to meet its burden of showing the EVERBILT 26 Qt. cooler is representative of all accused EVERBILT products. H-E-B's counter-arguments ignore the basic points that H-E-B itself concedes. Even after winnowing down the number of asserted claims, at least one claim concerns a feature that is not present in every one of the accused EVERBILT products, and certainly not in the 26 Qt. cooler that H-E-B contends is representative. Opposition Brief at 18. Therefore, H-E-B has failed to show that the 26 Qt EVERBILT cooler meets every asserted claim, and Dr. Garris should not be allowed to opine that any EVERBILT cooler other than the 26 Qt cooler infringes the patents-in-suit.

## VI. DR. GARRIS' TESTIMONY OUTSIDE HIS EXPERTISE SHOULD BE STRUCK

Home Depot's explanation about why Dr. Garris applied the wrong law on functionality in trade dress was not addressed by H-E-B. H-E-B's pointing to a paragraph in the Garris Report fails to indicate how anything in that paragraph addresses the specific examples highlighted in Home Depot's opening brief of discrepancies between Dr. Garris' analyses and the law of the Fifth Circuit. Furthermore, H-E-B does not dispute that H-E-B did not offer Dr. Garris as an expert in non-technical areas. Thus, Dr. Garris' testimony outside the area of his expertise should be struck.

## VII. CONCLUSION

The Court should grant this motion, and exclude Paragraphs 17, 27-34, 102-110, 121-150, 164-170 and the opinions concerning "configured to maintain" in the charts of Dr. Garris' infringement report, and Dr. Garris' testimony related thereto.

10

| | |
|---|---|
| Dated: September 17, 2021 | Respectfully submitted,<br><br>**PATTERSON + SHERIDAN, LLP**<br><br>/s/ *Jerry R. Selinger*<br>Jerry R. Selinger<br>Texas State Bar No. 18008250<br>1700 Pacific Avenue, Suite 2650<br>Dallas, TX 75201<br>Telephone: 214-272-0957<br>Facsimile: 713-623-4846<br>jselinger@pattersonsheridan.com<br><br>Abelino Reyna<br>Texas State Bar No. 24000087<br>900 Washington Ave., Suite 503<br>Waco, TX 76701<br>Telephone: 254-777-5248<br>Facsimile: 877-777-8071<br>areyna@pattersonsheridan.com<br><br>John A. Yates<br>Texas State Bar No. 24056569<br>Aaron D. Perkins<br>Texas State Bar No. 24048967<br>Edgar N. Gonzalez<br>Texas State Bar No. 24092431<br>24 Greenway Plaza, Suite 1600<br>Houston, Texas 77046<br>Telephone: 713-576-5053<br>Facsimile: 713-623-4846<br>jyates@pattersonsheridan<br>aperkins@pattersonsheridan.com<br>egonzalez@pattersonsheridan.com<br><br>ATTORNEYS FOR DEFENDANTS<br>HOME DEPOT U.S.A., INC. and HOME<br>DEPOT PRODUCT AUTHORITY, LLC |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on counsel of record on September 17, 2021.

                                                          */s/ Jerry R. Selinger*
                                                          Jerry R. Selinger

**FILED UNDER SEAL**

    I hereby certify that on September 17, 2021, I electronically filed the foregoing document under seal with the Clerk of the Court using the CM/ECF system pursuant to the Court's Standing Order regarding Filing Documents under Seal in Patent Cases and Redacted Pleadings (Dkt. 81).

                                                          */s/ Jerry R. Selinger*
                                                          Jerry R. Selinger