UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| H-E-B, LP,<br><br>Plaintiff,<br><br>v.<br><br>WADLEY HOLDINGS, LLC; SOUTHERN SALES & MARKETING GROUP, INC.; NINGBO KUER PLASTIC TECHNOLOGY CO., LTD.; NINGBO KUER KAYAK CO., LTD.; NINGBO KUER OUTDOOR COOLERS CO., LTD.; HOME DEPOT U.S.A., INC.; and HOME DEPOT PRODUCT AUTHORITY, LLC,<br><br>Defendants. | Case No. 6:20-CV-00081-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**HOME DEPOT'S REPLY IN SUPPORT OF OPPOSED *DAUBERT* MOTION TO EXCLUDE VALIDITY OPINIONS AND TESTIMONY OF GLENN VALLEE**

John A. Yates
Texas State Bar No. 24056569
Aaron D. Perkins
Texas State Bar No. 24048967
Edgar N. Gonzalez
Texas State Bar No. 24092431
Patterson + Sheridan, LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Telephone:  713-623-4844
Facsimile:  713-623-4846
jyates@pattersonsheridan.com
aperkins@pattersonsheridan.com
egonzalez@pattersonseridan.com

PATTERSON + SHERIDAN, LLP

Jerry R. Selinger
Texas State Bar No. 18008250
1700 Pacific Avenue, Suite 2650
Dallas, TX 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846
jselinger@pattersonsheridan.com

Abelino Reyna
Texas State Bar No. 24000087
900 Washington Ave., Suite 503
Waco, TX 76701
Telephone:  254-777-5248
Facsimile:   877-777-8071
areyna@pattersonsheridan.com

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

   A. The Pressure/Vacuum Release Assembly Opinions Should be Excluded ................... 1

   B. H-E-B Cannot Salvage Dr. Vallee's §102(g) Opinions .................................................... 3

   C. H-E-B Deflects Because It Cannot Explain Why The Opinions Are Proper .............. 5

   D. H-E-B's Deflections Do Not Make Dr. Vallee's Opinions Any Less Improper ........... 7

   E. The Copying and Licensing Opinions Should be Excluded .......................................... 8

   F. Dr. Vallee Should Not Be Able to Offer Opinions About Priority, Date of Invention, and Written Description Of The Woolridge Patents ...................................................... 9

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*,
    825 F.3d 1373 (Fed. Cir. 2016).................................................................................... 6

*Apotex USA, Inc. v. Merck & Co.*,
    254 F.3d 1031 (Fed. Cir. 2001).................................................................................... 4

*AmkorTech. Inc. v. ITC*,
    692 F.3d 1250 (Fed. Cir. 2012) ................................................................................... 4

*Arctic Cat Inc. v. GEP Power Prods.*,
    919 F.3d 1320 (Fed. Cir. 2019).................................................................................... 5

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)..................................................................................................... 9

*Frey v. Wagner*,
    87 F.2d 212 (1937).......................................................................................................5

*Flash-Control v. Intel Corp.*,
    2020 U.S. Dist. LEXIS 143053 (W.D. Tex., July 21, 2020) .....................................10

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) ...................................................................................2

*General Elec. Co. v. Joiner*,
    522 U.S. 136 (1997)..................................................................................................... 8

*Gree, Inc. v. Supercell Oy*,
    2020 U.S. Dist. LEXIS 126913 (E.D. Tex. July 20, 2020)......................................... 5

*Hockerson-Halberstadt, Inc. v. Avia Group Int'l*,
    222 F.3d 951 (Fed. Cir. 2000)..................................................................................... 7

*Moore v. Ashland Chemical Inc*,
    151 F.3d 269 (1998) ............................................................................................ *passim*

*ParkerVision, Inc. v. Qualcomm Inc.*,
    903 F.3d 1354 (Fed. Cir. 2018)................................................................................... 2

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) .................................................................................. 3

*Robroy Indus.—Tex., LLC v. Thomas & Betts Corp.*,
   2017 U.S. Dist. LEXIS 54230 (E.D. Tex. Apr. 10, 2017) ...................................................... 8, 9

*Scott v. Koyama*,
   281 F.3d 1243 (Fed. Cir. 2002) ................................................................................................ 4

*Skky, Inc. v. MindGeek, S.A.R.L.*,
   859 F.3d 1014 (Fed. Cir. 2017) ................................................................................................ 3

*Solvay S.A. v. Honeywell Int'l Inc.*,
   742 F.3d 998 (Fed. Cir. 2014) ............................................................................................. 3, 4

*Therasense, Inc. v. Becton, Dickinson and Co.*,
   560 F.Supp. 2d 835 (N.D. Cal. 2008) ...................................................................................... 4

*REG Synthetic Fuels, LLC v. Neste Oil Oyj*,
   841 F.3d 954 (Fed. Cir. 2016) .................................................................................................. 9

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ................................................................................................ 9

I.      INTRODUCTION

Rather than respond to Home Depot on the *Daubert* issues, H-E-B obfuscates or fails to address issues. H-E-B continues to advance incorrect points of law. The Court should grant Home Depot's motion because the challenged opinions in the Vallee Report fail to comply with *Daubert*.

II.     ARGUMENT

Home Depot addresses each section of H-E-B's response in turn below.

A.      The Pressure/Vacuum Release Assembly Opinions Should be Excluded

Dr. Vallee's opinion that a drain plug is not a pressure/vacuum release assembly should be excluded because it is based on an incorrect legal standard, as demonstrated in Home Depo's opening brief. Opening Br., Dkt. 135, at 4-5. In particular, the Vallee Report,[1] ¶ 150, opined that

> A POSA would have understood at the time of the invention that a pressure/vacuum release assembly was a particular type of structure, which a drain plug is not. …The specification of the Patents-in-Suit also refer to a 'vacuum release valve'… A POSA would have understood from this language that the claimed pressure/vacuum release assembly … **was a particular type of structure designed for the purpose of releasing pressure/vacuum**.

*Id*. (emphasis added). Dr. Vallee's opinion improperly seeks to engraft onto the plain and ordinary meaning of "pressure/vacuum release assembly" the additional limitation that it be a type of structure specifically designed for the purpose of releasing a pressure/vacuum. This fatally infects his opinion that a drain plug is not a pressure/vacuum release assembly. Opening Brief, at 4-5.

H-E-B's reliance on the specification confirms why this Vallee opinion is fatally flawed. H-E-B Br., at 2. H-E-B's response, and the opinions expressed in paragraphs 150-57 of the Vallee Report ignore the express teaching in the specification that "[t]he vacuum release assembly … can be of any convenient design or configuration, including that of alternate mechanical or electronic

---

[1] The Vallee Report is Ex. A to Home Depot's Opening Brief. Dkt. 135-2.

1

mechanisms." Dkt. 164-4, Ex. 3, '165 Patent, 5:66-6:4, 6:19-22. Indeed, there is no mention of this broad disclosure in the "background" discussion of the pressure/vacuum release assembly, Vallee Report, ¶¶ 70-71. The broad language found in the specification does not contain the additional structural limitation the Vallee Report seeks to engraft onto the plain and ordinary meaning of the claim term.

The Vallee Report cannot deny that a drain plug is reasonably capable of operating so as to meet the claim language, so it improperly seeks to change the meaning of the claim to save validity. Home Depot explained that Dr. Vallee's opinion is legally incorrect because the relevant inquiry is whether the prior art structure is capable of performing the recited purpose, **not** whether the structure was specifically designed for that purpose. Opening Brief at 4-5, citing *ParkerVision, Inc. v. Qualcomm Inc.*, 903 F.3d 1354, 1361 (Fed. Cir. 2018) ("A corollary of these principles is that an apparatus that is 'capable of' performing certain functions may be anticipated by or obvious in view of a prior art apparatus that can likewise perform these functions."). *Accord Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010)).

H-E-B cites no case law supporting Dr. Vallee's improper "designed for the purpose of" construction. Instead, H-E-B attempts to distract by arguing that "Dr. Vallee is interpreting a different part of the claim as compared to what the court was analyzing in *ParkerVision, Finjan*, etc." H-E-B Br., Dkt. 165, at 3. That excuse is not supported by any opinion in the Vallee Report, and it is directly contradicted by his opinion in ¶150.

Contrary to H-E-B's conclusory assertions, Home Depot is not deleting structure from the claims. Nor, as H-E-B complains in another brief, is Home Depot superimposing requirements of § 112, ¶ 6 on this limitation. Dkt. 164, at 11-14. Rather, Home Depot has been clear that the plain and ordinary meaning of the term includes a broad class of structures, consistent with the disclosure

2

in the specification. *See, e.g.*, *Skky, Inc. v. MindGeek, S.A.R.L.*, 859 F.3d 1014, 1019 (Fed. Cir. 2017) (A term can designate structure, "even if the term covers a broad class of structures.")

Finally, H-E-B appears to concede that the Vallee Report's use of KODI, EVERBILT and nICE products as evidence of the terms' meaning was legal error. Home Depot sought to exclude these opinions because these products were not on-sale or available to the public until after July 31, 2012, the date critical for understanding the meaning of pressure/vacuum release assembly. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005); Opening Br. at 5, citing Ex. A, Dkt. 135-2, Vallee Report ¶¶ 157-61; *compare* Opening Br. at 5, with H-E-B Br. at 4-5. H-E-B offers no defense other than a repeat of its arguments attempting to distinguish the term from a YETI drain plug. But, Dr. Vallee's opinions are fatally tainted by after-arising products.

For the above reasons, the Court should exclude paragraphs 147-62 of the Vallee Report.

**B.    H-E-B Cannot Salvage Dr. Vallee's §102(g) Opinions**

Contrary to H-E-B's finger-pointing assertions, Home Depot's motion is based on Dr. Vallee's opinions being inconsistent with controlling case law. *See, e.g., Solvay S.A. v. Honeywell Int'l Inc.*, 742 F.3d 998, 1000 (Fed. Cir. 2014); Opening Br. at 6-8 (Section III.B). For the following reasons, paragraphs 52 and 132-146 of the Vallee Report should be excluded.

Dr. Vallee's opinions were based on his incorrect understanding that conception, reduction to practice, and diligence "must all occur in the United States." Vallee Report, ¶139; *see also* ¶52. The law is more nuanced, and the Vallee Report's failure to apply correct law is makes his opinions neither reliable nor relevant. His opinions should be excluded. *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (1998) (opinions based on inaccurate law are neither reliable nor relevant.)

H-E-B ignores the actual words in *Solvay*: "In other words, §102(g)(2) allows conception to occur in another country, but in such circumstances requires the work constituting the reduction

3

to practice to be performed in the United Sates by or on behalf of the inventor." *Solvay*, 742 F.3d at 1000. H-E-B cited two prior Federal Circuit cases, but neither is inconsistent with *Solvay*. In *Scott v. Koyama*, 281 F.3d 1243, 1246-47 (Fed. Cir. 2002), Scott was conceded to be the first to conceive by having disclosed the invention to people in the United States. The appellate court did not need to consider whether Scott's earlier work abroad constituted conception.[2] In *AmkorTech. Inc. v. ITC*, 692 F.3d 1250, 1255 (Fed. Cir. 2012), the parties assumed that "domestic disclosure and reduction to practice in this country" may be sufficient to satisfy the "made in this country requirement" of §102(g)(2). Here also, the Federal Circuit did not have before it the specific issue actually decided two years later in *Solvay*. H-E-B and Dr. Vallee are flat wrong on the issue. Thus, his opinions should be excluded. *See Moore*, 151 F.3d at 276.

As where diligence must occur, H-E-B is the party misstating law. In *Apotex USA, Inc. v. Merk & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001), the Federal Circuit determined that the language "in this country" modifies only the immediately preceding clause "the invention was made." Because the statutory language "who has not abandoned, suppressed, or concealed" followed "in this country," the Federal Circuit concluded that "proof negating suppression or concealment is not limited to activities occurring within the United States." *Id*. In like fashion, since the requirement for "reasonable diligence of one who was first to conceive and last to reduce to practice" also follows the statutory language "in this country," *Apotex* leads to the conclusion that all reasonable diligence does not have to be in the United States. Indeed, in its analysis, *Apotex* relied on the fact that Congress decided not to adopt an earlier draft of §102(g) which limited diligence to "in this country." *Id.* at 1036. H-E-B cites no authority to the contrary.

---

[2]H-E-B's reliance on dicta in *Therasense, Inc. v. Becton, Dickinson and Co.*, 560 F.Supp. 2d 835, 865 n.26 (N.D. Cal. 2008) is misplaced. The court did not consider if conception outside the US was sufficient for prior invention under §102(g)(2), an issue later decided by *Solvay*.

4

Dr. Vallee used an incorrect, heightened diligence standard to conclude that Mr. Ramsey and H-E-B were not diligent. Opening Br. at 6-7. The law is clear: diligence need only be "*reasonably* continuous" and failing to record "'progress on a daily, weekly, or *even monthly* basis does not mean the inventor necessarily abandoned his invention or unreasonably delayed it.'" *Arctic Cat Inc. v. GEP Power Prods.*, 919 F.3d 1320, 1331-32 (Fed. Cir. 2019) (citation omitted) (emphasis in original). Nor does the law "punish an inventor for attempting to perfect his process before he gives it to the public." *Frey v. Wagner,* 87 F.2d 212, 215 (1937). Finally, the Vallee Report ignored the correct law regarding concealment, in situations like here where Mr. Ramsey engaged in reasonable efforts to bring the invention to market. Opening Br. at 7-8.

HEB seeks to justify Dr. Vallee's opinions, despite being based on incorrect law, because of his personal experience. That argument makes no sense, nor does it make his opinions reliable. Dr. Vallee's opinions on prior invention should be excluded. *Moore*, 151 F.3d at 276.

Additionally, Dr. Vallee improperly relied on intent in ¶136 to speculate as to whether or not acts of H-E-B or Ramsey were "exploratory" or committed." Opening Br. at 7. H-E-B again argues that Dr. Vallee's opinions were based on his personal experience. But, his personal experience does not override controlling law prohibiting experts from opining on intent. *Gree, Inc. v. Supercell Oy*, 2020 U.S. Dist. LEXIS 126913, *4-6 (E.D. Tex. July 20, 2020) (internal citations omitted) ("'the question of intent is a classic jury question and not one for the experts.'").

**C.     H-E-B Deflects Because It Cannot Explain Why The Opinions Are Proper**

Turning to paragraphs 109, 115, 182, 187-198, H-E-B pretends that specific word choices in expert opinions do not matter. On the contrary, Dr. Vallee's express opinions matter.

First, Dr. Vallee should be limited to expressing his opinion about "airtight seal," only in the context of claim 10 of the '888 Patent. Opening Br. at 8 (Section III.C). Anything else will

5

confuse the jury by blurring the difference in claim language between "airtight seal" and "relatively airtight seal." H-E-B does not contest the issue of juror confusion nor deny that Dr. Vallee's opined on the lack of an "airtight seal" with respect to the prior art.

Second, Dr. Vallee should **only** be allowed to offer opinions about limitations YETI or *Koch* allegedly lack if those opinions have explicit basis in his report. Opening Br. at 8-9 (Section III.D). H-E-B's response is to point generally to ¶¶147-162, but that does not address the actual dispute. Dr. Vallee should not be allowed to offer opinions without basis in his report.

Third, Home Depot identified that Dr. Vallee's opinions in ¶191 are inconsistent with the law because he (a) ignored the proper obviousness inquiry and instead relied on legally impermissible physically combinable analysis, and (b) improperly relied on perceived structural dimensions of *Koch*. Opening Br. at 9-10. H-E-B does not address the issue of improper reliance on the drawings in ¶191 and thus concedes that point. H-E-B does not contest that Dr. Vallee neglected the motivation that would prompt a POSA to modify the YETI cooler with a pressure release valve, such as that disclosed in *Koch*. Nor does it matter if Dr. Vallee relied on or referenced the proper standard in other sections of his report when he clearly deviated from the proper analysis in ¶191. Dr. Vallee's characterization of combining teachings of references as to "simply slap" an element of one reference onto an element of another is clearly impermissible "bodily incorporation" analysis. *Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*, 825 F.3d 1373, 1381 (Fed. Cir. 2016) (citation omitted) (internal quotations omitted) ("The test for obviousness is not whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference[.]"). H-E-B cannot gloss over the deficiencies of ¶191 simply by pointing to other sections of the report.

Finally, H-E-B does not dispute that Dr. Vallee failed to consider if *Koch* was analogous art, but this analysis is fundamental to whether or not a POSA would combine YETI with *Koch*. Opening Br. at 10 (Section III.E). Nor does H-E-B defend Dr. Vallee's conclusory opinion in ¶192 that a "POSA would not have looked to a reference completely outside of the cooler arts, like *Koch*," underscoring that his opinion is tainted by incorrect law. Dr. Vallee's ignorance of the law makes his opinions on combining YETI with *Koch* unreliable. *Moore*, 151 F.3d at 276.

**D. H-E-B's Deflections Do Not Make Dr. Vallee's Opinions Any Less Improper**

In its opening brief, Home Depot identified that Dr. Vallee's opinions are improper because they are (a) inconsistent with the law because he failed to consider if *Koch* was analogous art and (b) based on the non-substantive preamble. Opening Br. At 10-11 (Section III.F). As mentioned above, H-E-B does not dispute Dr. Vallee's failure to consider if *Koch* was analogous art. Nor does H-E-B assert that the preamble is a substantive limitation. Dr. Vallee's opinion is thus inconsistent with the law and should be excluded. *Moore*, 151 F.3d at 276.

Dr. Vallee improperly pretended that *Koch* disclosed dimensions for his opinions. Opening Br. at 11. In response, H-E-B attempts to reframe Dr. Vallee's opinion as being based on a "rather minor observation" while ignoring that the "thin" walls are the foundation of his opinion.[3] H-E-B asserts that Dr. Vallee did not rely on any "precise proportions" or "particular sizes" of the elements in *Koch*, warning against an overly rigid application of *Hockerson-Halberstadt, Inc. v. Avia Group Int'l*, 222 F.3d 951 (Fed. Cir. 2000). But H-E-B ignores his opinion that a "POSA would not have expected **these thin fiberglass walls** to provide any significant thermally insulating effects." Ex. A, Dkt. 135-2, Vallee Report ¶177 (emphasis added). Dr. Vallee's opinion

---

[3] Dr. Vallee admitted that he knew that not all patent drawings are drawn to scale, underscoring that his reliance on the "thin" walls was pure speculation. Ex. B, Dkt. 135-3, Vallee Tr. 159.

7

is premised on a size and/or proportion of the walls—sufficiently thin to render them non-insulating. Therefore, these opinions are contrary to law and should be excluded. *Moore*, 151 F.3d at 276.

Dr. Vallee's unqualified opinion that highly conductive materials (*e.g.*, steel) cannot maintain a temperature gradient/differential is *ipse dixit* conjecture. Opening Br. at 11-12. H-E-B obfuscates the issue by limiting its responses to whether or not *Koch* can be made out of steel. H-E-B does not contest Dr. Vallee's failure to point to any evidence as to why a sealed receptacle made of a highly conductive material, such as a sealed steel receptacle, could not maintain a temperature gradient/differential. Nor does H-E-B contest that Dr. Vallee failed to consider other factors, such as wall thickness. In short, ¶182 should be excluded because it is nothing more than improper *ipse dixit* conjecture. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 144-46 (1997).

### E.    The Copying and Licensing Opinions Should be Excluded

Dr. Vallee is simply acting as H-E-B's mouthpiece when opining on licensing. Opening Br. at 12. He was told that certain facts about licensees were "particularly indicative of non-obviousness." Ex. A, Dkt. 135-2, Vallee Report ¶217. Dr. Vallee simply regurgitated these facts, failing to explain if ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In the next sentence, he concluded, without analysis, that the licenses demonstrated that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ His opinion should be excluded because he is simply acting as a mouthpiece for H-E-B's counsel on this issue without any underlying analysis.

Dr. Vallee is improperly acting as a mouthpiece for a snippet of H-E-B's alleged story of copying. Opening Br. at 12 (Section III.G). This is not his story to tell. *Robroy Indus.—Tex., LLC v. Thomas & Betts Corp.,* 2017 U.S. Dist. LEXIS 54230; 2017 WL 1319553, at *9 (E.D. Tex. Apr.

10, 2017) (Experts are not permitted to "simply pass[] along information provided by others and lay[]out the [party's] theory of the case."). Copying is a question of fact for the jury to decide. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1336 (Fed. Cir. 2016). The jury can interpret the non-technical evidence relied on by Dr. Vallee without his expertise. *See e.g.*, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Nor does it take a technical expert to ascertain if one <u>cooler</u> is a "copy" of another. Thus, his opinion should be excluded because it is unnecessary. Additionally, Dr. Vallee's opinions are inextricably linked with Dr. Garris' tainted opinions. For example, Dr. Vallee's only support for his conclusion that the Everbilt[4] is a copy is his affirmative citation to Dr. Garris' Report. Ex. A, Dkt. 135-2, Valley Report, (*compare* ¶¶209-10 with ¶211). Dr. Vallee cannot use Dr. Garris' tainted testimony to gap fill for unexpressed opinions. And, Dr. Vallee also parrots the same hearsay documents that taint the Garris Report. Dkt.184, Home Depot's Garris *Daubert* Reply Motion, Section II. Dr. Vallee's opinion based on Dr. Garris' Report should be excluded if the Court grants Home Depot's *Daubert* motion to exclude Dr. Garris' testimony.

      **F.**    **Dr. Vallee Should Not Be Able to Offer Opinions About Priority, Date of Invention, and Written Description Of The Woolridge Patents**

In ¶60, Dr. Vallee opined on the date invention of the Patents-in-Suit without referring to any analysis or corroborating evidence. Opening Br. 13 (Section III.J). This is contrary to law. *See e.g.*, *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) (conception must be corroborated). H-E-B does not deny that his opinions are conclusory, making no effort to cite to allegedly corroborating evidence. Dr. Vallee opinions about a date of invention prior to July 31, 2012 are contrary to law and should be excluded.

Dr. Vallee's opinion in ¶223 that written description is satisfied by a shared specification

---

[4] Dr. Vallee's copying story is about nICE, not Everbilt. Ex. A, Dkt. 132-2, Vallee Report, ¶210.

9

is inconsistent with the law. Opening Br. (Section III.K). The correct test is if the inventor had "possession of the claimed subject matter as of the filing date." *Flash-Control v. Intel Corp.*, 2020 U.S. Dist. LEXIS 143053, *6 (W.D. Tex., July 21, 2020) (citation omitted). H-E-B quibbles over the Abstract, which is part of the specification and differs from patent to patent, but does not deny he failed to use the proper written description test in ¶223.

In ¶228, Dr. Vallee states that he disagrees with Dr. Akin that the lack of a claimed vacuum pump or structure to remove air "bears on written description of the Asserted Claims" but fails to explain why he disagrees. Opening Br. at 14 (Section III.K). In ¶229, Dr. Vallee opines that "Dr. Akin's reverse-written-description argument is fundamentally flawed" without explaining why or even what that means. Opening Br. at 14. H-E-B can point to the other paragraphs all it wants, but there is not support for Dr. Vallee's specific opinions in ¶¶228, 229. These opinions should be excluded because they are conclusory and without basis in his report.

Finally, Dr. Vallee's opinion in ¶¶222, 230 that the Asserted Claims are "properly afforded priority to the 2012 application" is merely conclusory. Opening Br. at 13 (Section III.I). H-E-B points to ¶¶220-230 to breathe context into the opinions, but ¶¶223, 228, and 229 also should be excluded. Improper opinions do not become proper by addition.

### III.    CONCLUSION

The Court should grant the instant motion and exclude Paragraphs 16-19, 52, 60, 99, 109, 112, 115, 132-162, 165-168, 175-179, 180-183, 185, 187-198, 209-211, 217, 222, 223, 229, and 230 of Dr. Vallee's invalidity report and Dr. Vallee's testimony related thereto.

Dated:  September 17, 2021        Respectfully submitted,

**PATTERSON + SHERIDAN, LLP**

/s/ *Jerry R. Selinger*
Jerry R. Selinger
Texas State Bar No. 18008250
1700 Pacific Avenue, Suite 2650
Dallas, TX  75201
Telephone:  214-272-0957
Facsimile:  713-623-4846
jselinger@pattersonsheridan.com

Abelino Reyna
Texas State Bar No. 24000087
900 Washington Ave., Suite 503
Waco, TX 76701
Telephone:  254-777-5248
Facsimile:  877-777-8071
areyna@pattersonsheridan.com

John A. Yates
Texas State Bar No. 24056569
Aaron D. Perkins
Texas State Bar No. 24048967
Edgar N. Gonzalez
Texas State Bar No. 24092431
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Telephone:  713-623-4844
Facsimile:  713-623-4846
jyates@pattersonsheridan.com
aperkins@pattersonsheridan.com
egonzalez@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
HOME DEPOT U.S.A., INC. and HOME
DEPOT PRODUCT AUTHORITY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on counsel of record on September 17, 2021.

*/s/ Jerry R. Selinger*
Jerry R. Selinger

## FILED UNDER SEAL

I hereby certify that on September 17, 2021, I electronically filed the foregoing document under seal with the Clerk of the Court using the CM/ECF system pursuant to the Court's Standing Order regarding Filing Documents under Seal in Patent Cases and Redacted Pleadings (Dkt. 81).

*/s/ Jerry R. Selinger*
Jerry R. Selinger